UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

CHAPTER 13 PLAN
AND RELATED MOTIONS

Name of Debtor: **TERRY ANN HAIRSTON**                             Case No: 11-50106-SCS

This Plan, dated 2/3/11, is the first Chapter 13 Plan filed in this case.

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6 and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven [7] days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.

The Debtor's schedules list assets and liabilities as follows:
- Total Assets: $33,339.00
- Total Non-Priority Unsecured Debt: 52,053.00
- Total Priority Debt: $00.00
- Total Secured Debt: $3,260.00

1. **Funding of Plan.** The Debtor proposes to pay the trustee the sum of $175.00 per month for 33 months and then $280.00 per month for 3 months. Other payments to the Trustee are as follows: 00.00. The total amount to be paid into the Plan is $6,815.00.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. §1326.**
        1. The Trustee will be paid the percentage fee fixed under 28 USC § 586(e) not to exceed 10% of all sums disbursed except for funds returned to the Debtor.
        2. Debtor's attorney will be paid $2,374.00 balance due of the total fee of $3,000.00 prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.** None

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.** None

4. **Unsecured Claims.**

    A. **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately 7%. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the Debtor estimates unsecured creditors would receive a dividend of approximately 5%.

B. **Separately classified unsecured claims.** None

**5. Mortgage Loans Secured by Real Property Constituting the Debtor's Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. §1322(b)(5).** None

**6. Executory Contracts and Unexpired Leases.** The Debtor moves for assumption or rejection of the executory contracts and leases listed below.

A. **Executory contracts and unexpired leases to be rejected.** None

B. **Executory contracts and unexpired leases to be assumed.** The Debtor assumes the following executory contracts. The Debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Mo. Payment & Est. Cure Period |
|---|---|---|---|
| Verizon | cell | none | n/a |

**7. Liens Which Debtor Seeks to Avoid.** None

**8. Treatment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the Debtor receives a discharge.
- If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9. Vesting of Property of the Estate.** Property of the estate shall revest in the Debtor upon confirmation of the Plan. Notwithstanding such vesting, the Debtor may not sell, refinance, or encumber real property, or enter into a mortgage loan modification without approval of the court after notice to the trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this court

**10. Incurrence of indebtedness.** The Debtor shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**11. Other provisions of this Plan:**

A. The Trustee shall not disburse any payment under $25.00 to a creditor unless it is the final payment.

B. The Debtor will directly pay the FedEx 401k loan.

C. **Order of Payment:** Except for the disbursements outlined in 2A1, the disbursements by the Trustee shall be made in the following order, with each type being paid in full, pro-rata with each other except where payments are indicated specifically in the Plan:
   a. Priority attorney fees and Domestic Support Orders
   b. Secured claims including arrearages on real estate and leases

c. Other priority claims
   d. Separately classified claims under paragraph 4B above
   e. Other Non-Dischargable claims
   f. General unsecured claims

Signatures:

_____  Dated: 2/3/11
TERRY ANN HAIRSTON, Debtor


Exhibits: **Copy of Debtor's Budget (Schedules I and J) & Matrix of Parties Served with Plan**

<u>Certificate of Service and Attorney Plan Signature</u>

   I certify that on 2/3/11, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

_____
Richard G. Poinsett, Attorney for Debtor
2 Eaton Street, Suite 502
Hampton, Virginia 23669
757-825-5577
Fax 757-825-0194
VSB #12083

B6I (Official Form 6I) (12/07)

In re **Terry Ann Hairston**  Case No. **11-50106**
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE ||
|---|---|---|
| **Single** | RELATIONSHIP(S): **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Assistant Mgr. | |
| Name of Employer | FedEx Office & Print Services, Inc. | |
| How long employed | 5 1/2 years | |
| Address of Employer | 2201 W. Plano Parkway, #200 Plano, TX 75075 | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 2,964.00 | $ N/A |
| 2. Estimate monthly overtime | $ 60.67 | $ N/A |
| 3. SUBTOTAL | $ 3,024.67 | $ N/A |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 665.43 | $ N/A |
| b. Insurance | $ 128.01 | $ N/A |
| c. Union dues | $ 0.00 | $ N/A |
| d. Other (Specify): **401K contribution** | $ 151.23 | $ N/A |
| | $ 0.00 | $ N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 944.67 | $ N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 2,080.00 | $ N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ N/A |
| 8. Income from real property | $ 0.00 | $ N/A |
| 9. Interest and dividends | $ 0.00 | $ N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ N/A |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 12. Pension or retirement income | $ 0.00 | $ N/A |
| 13. Other monthly income (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 2,080.00 | $ N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 2,080.00 ||

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
    *Debtor's gross income based on $39,300/yr.

In re **Terry Ann Hairston** Case No. **11-50106**
Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 600.00 |
|    a. Are real estate taxes included? Yes ___ No **X** | | |
|    b. Is property insurance included? Yes ___ No **X** | | |
| 2. Utilities: a. Electricity and heating fuel | | $ 161.00 |
|            b. Water and sewer | | $ 60.00 |
|            c. Telephone | | $ 48.00 |
|            d. Other **See Detailed Expense Attachment** | | $ 135.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 0.00 |
| 4. Food | | $ 300.00 |
| 5. Clothing | | $ 50.00 |
| 6. Laundry and dry cleaning | | $ 0.00 |
| 7. Medical and dental expenses | | $ 25.00 |
| 8. Transportation (not including car payments) | | $ 140.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 10.00 |
| 10. Charitable contributions | | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|         a. Homeowner's or renter's | | $ 29.00 |
|         b. Life | | $ 0.00 |
|         c. Health | | $ 0.00 |
|         d. Auto | | $ 86.00 |
|         e. Other _____ | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|         (Specify) **PP Taxes** | | $ 12.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|         a. Auto | | $ 0.00 |
|         b. Other **401K Loan** | | $ 117.00 |
|         c. Other _____ | | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other **See Detailed Expense Attachment** | | $ 132.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ **1,905.00** |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a. Average monthly income from Line 15 of Schedule I | | $ 2,080.00 |
| b. Average monthly expenses from Line 18 above | | $ 1,905.00 |
| c. Monthly net income (a. minus b.) | | $ 175.00 |

B6J (Official Form 6J) (12/07)

In re  **Terry Ann Hairston**                                     Case No.  **11-50106**
                                    Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
## Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---:|
| Cable | $ 75.00 |
| Internet | $ 12.00 |
| Cell phone *Verizon Wireless* | $ 48.00 |
| **Total Other Utility Expenditures** | $ 135.00 |

**Other Expenditures:**

| | |
|---|---:|
| Contingencies (5%) | $ 104.00 |
| Haircuts/grooming | $ 25.00 |
| Rounding | $ 3.00 |
| **Total Other Expenditures** | $ 132.00 |

Terry Ann Hairston
703 Terrace Drive
Newport News, VA 23601

Office of the U.S. Trustee
200 Granby Street, Room 625
Norfolk, VA 23510

Amex
Po Box 297871
Fort Lauderdale, FL 33329

Amexdsnb
9111 Duke Blvd
Mason, OH 45040

Bank Of America
Po Box 17054
Wilmington, DE 19850

Best Buy
Pob 15521
Wilmington, DE 19805

Cap One
Po Box 85520
Richmond, VA 23285

Chase
Po Box 15298
Wilmington, DE 19850

Exxon
Po Box 6497
Sioux Falls, SD 57117

FedEx 401K Plan
Vanguard
P.O. Box 1101
Valley Forge, PA 19482-1101

Gemb/Care Credit
Po Box 981439
El Paso, TX 79998

Gemb/Dillards
Po Box 981400
El Paso, TX 79998

Gemb/Walmart Dc
Po Box 981400
El Paso, TX 79998

Goodyear
Po Box 6497
Sioux Falls, SD 57117

J.C. Penney
P.O. Box 981131
El Paso, TX 79998

Kohls/Chase
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI 53051

Lowe's
P.O. Box 224
Atlanta, GA 30301

Macys
9111 Duke Blvd
Mason, OH 45040

Target
P.O. Box 5330
Sioux Falls, SD 57117

Value City
P.O. Box 659704
San Antonio, TX 78265

R. Clinton Stackhouse, Jr
VIA ECF